ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :     INFORMATION

        -v.-                         :     09 Cr. _____ (WHP)

JENNIFER FALCON,                     :
    a/k/a "Irene Martinez,"
                                     :     09 CRIM 411
            Defendant.
                                     :
- - - - - - - - - - - - - - - - - - - x

COUNT ONE
(Conspiracy)

The United States Attorney charges:

### Commercial Mail Receiving Agencies

1.  A commercial mail receiving agency ("CMRA") is a private sector entity that receives mail on behalf of private customers at the street address of the CMRA rather than at the customers' own street addresses. A CMRA accepts delivery of mail and holds it for pickup or remails it as directed by the CMRA's customers.

2.  Under applicable United States Postal Service regulations, in order for a CMRA to receive mail on a customer's behalf, the customer must complete and sign Postal Service Form 1583 and must furnish two forms of identification to the operator of the CMRA. The operator of the CMRA, or a notary public, must witness the signature of the customer. The operator of the CMRA must inspect the two forms of identification and may retain photocopies of such identification documents.

3. Applicable United States Postal Service regulations require the CMRA to provide the originals of completed Postal Service Forms 1583 to its local postmaster. The CMRA also must maintain duplicate copies of completed Postal Service Forms 1583 on file at the CMRA business location.

4. The face of Postal Service Form 1583 states, among other things:

  a. "The applicant must execute this form in duplicate in the presence of the agent, his or her authorized employee, or a notary public. The agent provides the original completed signed PS Form 1583 to the Postal Service and retains a duplicate completed signed copy at the CMRA business location."

  b. "Warning: The furnishing of false or misleading information on this form or omission of material information may result in criminal sanctions (including fines and imprisonment) and/or civil sanctions (including multiple damages and civil penalties)."

**Falcon and CC-1 Travel to New York from California
to Arrange for Receipt of Mail at CMRAs**

5. On or about March 26, 2008, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, together with a co-conspirator not named as a defendant herein ("CC-1"), traveled by airplane from Long Beach, California, to John F. Kennedy International Airport in Queens, New York.

6. Between on or about March 28, 2008, and on or about April 2, 2008, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, contracted for a total of approximately 18 separate

2

mailboxes at CMRAs located in Manhattan, Brooklyn, Staten Island, and New Jersey, including one mailbox at each of two separate CMRAs located in Manhattan on or about March 28, 2008. On each of these approximately 18 occasions, FALCON completed, and caused to be completed, a Postal Service Form 1583. FALCON contracted for mailboxes at these CMRAs for the purpose of receiving fraudulently obtained federal tax refund checks issued by the United States Department of the Treasury.

7. On substantially all of these occasions, the Postal Service Form 1583 that JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, completed, or caused to be completed, stated, in substance and in part, that her name was "Irene Martinez." In truth and in fact, FALCON's name is not, and never has been, "Irene Martinez."

8. On approximately 17 of these occasions, the Postal Service Form 1583 that JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, completed, or caused to be completed, stated, in substance and in part, that FALCON resided at an address in Union City, New Jersey. In truth and in fact, FALCON did not then reside in Union City, Jersey. On approximately one of these occasions, the Postal Service Form 1583 that FALCON completed, or caused to be completed, stated, in substance and in part, that FALCON resided at an address in Denver, Colorado. In truth and in fact, FALCON did not then reside in Denver, Colorado.

9. At or about the same time and day when JENNIFER

3

FALCON, a/k/a "Irene Martinez," the defendant, contracted for the approximately 18 mailboxes described above, CC-1 also contracted for another mailbox at the same CMRAs located in Manhattan, Brooklyn, Staten Island, and New Jersey, including two mailboxes at two separate CMRAs located in Manhattan on or about March 28, 2008. On approximately 18 of these occasions, CC-1 completed, or caused to be completed, a Postal Service Form 1583. CC-1 contracted for mailboxes at these CMRAs for the purpose of receiving fraudulently obtained federal tax refund checks.

10. On substantially all of these occasions, the Postal Service Form 1583 that CC-1 completed, or caused to be completed, stated, in substance and in part, that CC-1's name was "Barbara Gomez." In truth and in fact, and as JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, well knew, CC-1's name is not, and never has been, "Barbara Gomez."

11. On approximately 17 of these occasions, the Postal Service Form 1583 that CC-1 completed, or caused to be completed, stated, in substance and in part, that CC-1 resided at the same address in Union City, New Jersey, at which JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, claimed to reside. In truth and in fact, and as JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, well knew, CC-1 did not then reside in Union City, Jersey. On approximately one of these occasions, the Postal Service Form 1583 that CC-1 completed, or caused to be completed, stated, in substance and in part, that CC-1 resided at

4

an address in Morganton, North Carolina. In truth and in fact, and as FALCON well knew, CC-1 did not then reside in Morganton, North Carolina.

**The False and Fraudulent Federal Income Tax Returns**

12. On multiple occasions starting on or about April 5, 2008, and continuing until at least on or about May 18, 2008, false and fraudulent U.S. Individual Income Tax Returns, Forms 1040, were filed with the Internal Revenue Service (the "IRS"). These returns sought federal tax refunds to be sent via United States mail to one of the total of 36 mailboxes contracted for by JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, and CC-1.

**Statutory Allegations**

13. From at least in or about the March 2008, up to and including on or about May 22, 2008, in the Southern District of New York and elsewhere, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1001.

14. It was a part and an object of the conspiracy that JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, unlawfully, willfully, and knowingly would and did, in a matter within the jurisdiction of the executive branch of the Government of the United States, falsify, conceal, and cover up by trick,

5

scheme, and device a material fact, and make a materially false, fictitious, and fraudulent statement and representation, and make and use a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in violation of Title 18, United States Code, Section 1001.

### Overt Acts

15. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

 a. On or about March 28, 2008, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, contracted for two mailboxes at two separate CMRAs located in Manhattan.

 b. On or about May 22, 2008, FALCON went to a CMRA in Staten Island and removed from two mailboxes a total of approximately eight United States Treasury checks, each representing a federal tax refund.

(Title 18, United States Code, Section 371.)

### COUNT TWO
### (False Statements in a Matter Within the Jurisdiction of the Executive Branch)

The United States Attorney further charges:

16. The allegations set forth in paragraphs 1 through 12 and 15 are repeated and realleged as if set forth fully herein.

17.  On or about July 17, 2008, an Inspector (the "Inspector") of the United States Postal Inspection Service ("USPIS"), along with another Government official, interviewed JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, at the Offices of the United States Attorney for the Southern District of New York in connection with an investigation being conducted by the USPIS.  Prior to the interview, FALCON executed a Proffer Agreement with the United States Attorney's Office for the Southern District of New York.  The Proffer Agreement provided that any statements made by FALCON during the interview would not be used against her in connection with any prosecution of FALCON, except under certain specified circumstances.  The Proffer Agreement specifically stated that FALCON was not immunized from prosecution for making false statements during the interview.

18.  During the interview on or about July 17, 2008, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, stated, in substance and in part, that:

   a.  FALCON flew by airplane to New York on or about March 27 or March 28, 2008, by herself, when, in truth and in fact, FALCON had traveled together with CC-1, among others.

   b.  During her trip to the New York area, FALCON met a man named "Juan Rodriguez" who asked her to contract for one mailbox at a CMRA located in Staten Island, when, in truth and in fact, FALCON opened up approximately 18 mailboxes between on or about March 28, 2008, and on or about April 2, 2008.

7

19. On or about January 29, 2009, the Inspector of the USPIS, along with other Government officials, interviewed JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, at the Offices of the United States Attorney for the Southern District of New York again. At the beginning of the interview, FALCON confirmed that the interview was being conducted under the terms of the Proffer Agreement that had been executed prior to the July 17, 2008, interview.

20. During the interview on or about January 29, 2009, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, stated, in substance and in part, that:

   a. FALCON did not know the name of CC-1, the woman with whom she contracted for a mailbox at a CMRA located in Staten Island, when, in truth and in fact, FALCON knew the true name of CC-1.

   b. FALCON had seen CC-1 only on the day when FALCON and CC-1 contracted for mailboxes at the CMRA located in Staten Island, when, in truth and in fact, FALCON had spent substantial time with CC-1 over the course of several days during which FALCON and CC-1 contracted for a total of approximately 36 mailboxes at CMRAs located in Manhattan, Brooklyn, Staten Island, and New Jersey.

### Statutory Allegations

21. On or about July 17, 2008, and on or about January 29, 2009, in the Southern District of New York, JENNIFER FALCON,

8

a/k/a "Irene Martinez," the defendant, unlawfully, willfully, and knowingly, in a matter within the jurisdiction of the executive branch of the Government of the United States, falsified, concealed, and covered up by trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent statement and representation, and made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, to wit, FALCON made multiple false statements during two proffer sessions with an Inspector of the United States Postal Inspection Service about FALCON's travel to the New York metropolitan area in or about late March and early April 2008 and in or about mid-May 2008, and her conduct during those trips.

(Title 18, United States Code, Sections 1001 and 2.)

### COUNT THREE
### (Conspiracy to Defraud the United States With Respect to Claims)

The United States Attorney further charges:

22. The allegations set forth in paragraphs 1 through 12 and 15 are repeated and realleged as if set forth fully herein.

23. From at least in or about the March 2008, up to and including on or about May 22, 2008, in the Southern District of New York and elsewhere, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, together with others known and unknown, unlawfully, willfully, and knowingly did agree, combine, and conspire with others and each other to defraud the United States,

9

and a department and agency thereof, to wit, the IRS, by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims.

### Overt Acts

24. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about March 28, 2008, JENNIFER FALCON, a/k/a "Irene Martinez," the defendant, contracted for two mailboxes at two separate CMRAs located in Manhattan.

    b. On or about May 22, 2008, FALCON went to a CMRA in Staten Island and removed from two mailboxes a total of approximately eight United States Treasury checks, each representing a federal tax refund.

(Title 18, United States Code, Section 286.)

LEV L. DASSIN
Acting United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

JENNIFER FALCON,
a/k/a "Irene Martinez,"

Defendant.

INFORMATION

09 Cr. _____ (WHP)

(Title 18, United States Code,
Sections 371, 1001 and 2, and 286.)

LEV L. DASSIN
Acting United States Attorney.